UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4520

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GASPAR DORANTES REYES, a/k/a Gaspar Dorantes-Reyes, a/k/a Gaspar Dorantesreyes, a/k/a Gaspar Reyes, a/k/a Gaspar Reyes Durantes,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:19-cr-00641-TDS-1)

Submitted:  February 10, 2022                    Decided:  February 18, 2022

Before MOTZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Craig Matthew Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gaspar Dorantes Reyes appeals his 24-month sentence imposed following his guilty plea to illegally reentering the United States, in violation of 8 U.S.C. § 1326(a). Counsel for Reyes has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Reyes' sentence is reasonable. Although notified of his right to do so, Reyes has not filed a pro se supplemental brief. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Having reviewed the record, we conclude that the district court properly calculated the Guidelines range, gave the parties an opportunity to argue for an appropriate sentence,

2

and considered the § 3553(a) factors. In addition, the court thoroughly explained its rationale for imposing a within-Guidelines-range sentence and for ordering the sentence to run consecutively to Reyes' undischarged state sentence, emphasizing the violent crimes Reyes committed both before his removal and shortly after his illegal reentry. Finally, we conclude that Reyes has not rebutted the presumption of reasonableness accorded his within-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Reyes, in writing, of the right to petition the Supreme Court of the United States for further review. If Reyes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reyes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*